United States District Court
Southern District of Texas
**ENTERED**
August 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL ACTION H-16-273-5 |
| | § § § | |
| CHANCE WAYNE NUTT *in custody* | § | |

## Order

Pending before this court is the motion to revoke detention order and set conditions of release (Dkt. 49) filed by Chance Wayne Nutt ("Defendant") and the Government's response opposing defendant's motion to revoke detention order and conditions of release (Dkt. 66). After carefully reviewing the arguments of counsel, the exhibits, the applicable law, the findings of U.S. Magistrate Judge Milloy and a thorough review of the transcript of the arraignment and detention hearing (Dkt. 75), the court finds that the motion should be denied.

When considering a motion to revoke a detention order, 18 USC §3142 (g) enumerates the factors which shall be considered by this court in determining whether conditions could be set to reasonably assure a defendant's appearance as required. Specifically, §3142 (g) directs this court consider "(1) the nature and circumstances of the offense charged…; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, community ties, employment, financial resources, length of residence in the community, community ties, past conduct…..criminal history, and record of concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

This court has conducted its own independent *de novo* review of the facts as adduced at the detention hearing held on July 12, 2016, and the pleadings of the parties and the exhibits attached thereto, and finds that Judge Milloy's findings of fact and her decision that the defendant had failed to rebut the statutory presumption of dangerousness to others and the community are well supported by the record and the submissions filed by the parties with this court. This court's *de novo* review of the evidence in this case is consistent with the findings of Judge Milloy. This court adopts Judge Milloy's findings of fact and legal conclusions as detailed in her Order of Detention Pending Trial (Dkt. 38) finding the evidence is sufficient by a preponderance of the evidence to establish that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant as required under the Bail Reform Act, 18 USC § 3142(f). Further, for similar reasons, the court adopts Judge Milloy's Order finding there is clear and convincing evidence that the defendant poses a danger to others and the community, and there are no conditions or combination of conditions that will reasonably assure the safety of others or the community as required under the Bail Reform Act, 18 USC § 3142(f).

Accordingly, Defendant's Motion to Revoke Detention Order and Set Conditions of Release is DENIED.

The defendant is hereby committed to the custody of the Attorney General and his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a

court of the United States or on request of the attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas on August 30, 2016.

_____
Gray H. Miller
United States District Judge